UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THOMAS W. VANDER LUITGAREN, | ) ) ) | |
| Plaintiff, | ) ) | |
|  | ) | Civil Action No. |
| v. | ) ) | 09-11410-FDS |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) ) ) | |
|  | ) | |
| Defendant. | ) ) | |

MEMORANDUM AND ORDER ON
SUPPLEMENTARY MOTIONS FOR SUMMARY JUDGMENT

**SAYLOR, J.**

This is a dispute about the use of "retained-asset accounts," a form of life-insurance benefits. The matter arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Plaintiff Thomas W. Vander Luitgaren brought this suit against defendant Sun Life Assurance Company on behalf of himself and a class of beneficiaries. He alleges breaches of fiduciary duties under ERISA.

On November 18, 2011, the parties cross-moved for summary judgment. In an order dated November 19, 2012, the Court denied plaintiff's motion, granted defendant's motion as to liability under ERISA Section 406, and denied defendant's motion as to liability under ERISA Section 404(a).

In that order, the Court determined that Sun Life was acting as a fiduciary when it made the discretionary decision to deliver plaintiff's benefits in the form of a retained-asset account, and when it made the discretionary decision to award 2% interest on that account. The Court made no determination as to whether Sun Life breached its fiduciary duty either by opening a

retained-asset account in plaintiff's name or in setting interest on that account at 2%. Instead, the Court indicated that further factual development would be necessary to make any determination on the issue, and denied summary judgment.

Since that decision, the parties have stipulated for the limited purpose of determining whether summary judgment should enter in either party's favor that the Court may assume that Sun Life made more than a *de minimis* profit on those funds. The parties also submitted substantial briefing on the issue of whether it was a violation of the fiduciary duties set forth in ERISA for Sun Life to make *any* amount of profit.

While the issue of whether defendant's conduct constituted a breach of fiduciary duty was well and thoroughly briefed by both sides, the Court finds, on further consideration, that it need not reach it. On August 7, the Third Circuit issued its opinion in *Edmonson v. Lincoln Nat'l Life Ins. Co.*, 12-1581 (3rd Cir. Aug. 7, 2013). Upon further consideration, the Court adopts in large part the reasoning and analysis set forth in that opinion. Accordingly, the Court will reconsider its earlier determination that Sun Life was acting as a fiduciary for purposes of ERISA when it set the interest rate for plaintiff's retained-asset account, and further holds that Sun Life did not breach its fiduciary duty by providing benefits in the form of a retained-asset account. Defendant's motion for summary judgment will therefore be granted.

**I.     Analysis**

    **A.     ERISA Framework**

An ERISA fiduciary is defined "in *functional* terms of control and authority over the plan." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262 (1993) (emphasis in original). ERISA provides that a person acts as a fiduciary with respect to an employee welfare benefit plan to the

extent he or she:

- exercises any discretionary authority or discretionary control respecting management of such plan;

- has any discretionary authority or discretionary responsibility in the administration of such plan; or

- exercises any authority or control respecting management or disposition of plan assets.

29 U.S.C. § 1002(21)(A).

Among other duties, ERISA provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and the beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries." 29 U.S.C. § 1104(a).[1]

### B.    This Court's Earlier Decision

On November 19, 2012, this Court issued its decision on the parties' cross-motions for summary judgment. In relevant part, the Court determined that defendant was functioning as a fiduciary under 29 U.S.C. § 1002(21)(A) because its actions involved the exercise of discretion in the management and administration of the plans. The Court's analysis on that question was based in large part on the First Circuit's statement, in *Mogel v. UNUM Life Ins.*, 547 F.3d 23, 27 (1st Cir. 2008), that the "disposition to the beneficiaries of benefits under the plan falls comfortably within the scope of ERISA's definition of fiduciary duties with respect to plan administration." The Court interpreted the First Circuit's language to apply not only to the case

---

[1] ERISA also provides that "[a] fiduciary with respect to a plan shall not deal with the assets of the plan in his own interest or for his own account . . . ." 29 U.S.C. § 1106(b)(1). In its earlier decision, this Court determined that the assets at issue in this case were not "plan assets," and thus did not trigger this fiduciary duty. This decision does not upset that earlier determination, and thus will not address the fiduciary duty under § 1106.

before it, but to any case in which a beneficiary received payment of a benefit plan through the use of a retained-asset account.

The Court noted that "[t]he language of ERISA states that a person acts as a fiduciary only *to the extent* he performs a defined fiduciary function." *Vander Luitgaren v. Sun Life Assur. Co. of Canada*, 2012 WL 5875526, at *9 (D. Mass. Nov. 19, 2012) (citing *Pegram v. Herdrich*, 530 U.S. 211, 225-26 (2000). Thus, defendant acted as a fiduciary only to the extent that it made discretionary decisions regarding the administration of the plan. The Court pointed to "two ways in which defendant exercised discretion in the administration of the plans, and thus acted as a fiduciary: (1) in selecting to pay benefits through retained-asset accounts; and (2) in determining the interest rates to be credited to the retained-asset accounts." *Id*. at *10

The Court did not determine in that order whether either of defendant's discretionary acts constituted a breach of fiduciary duty.

### C.     *Edmonson*'s Analysis

On August 7, the Third Circuit Court of Appeals issued its decision in *Edmonson v. Lincoln National Life Ins. Co.*, 2013 U.S. App. LEXIS 16300 (3rd Cir. Aug. 7, 2013). In that case—as in this one—the court was faced with a claim that defendant breached its fiduciary duties under ERISA "by choosing to pay [the plaintiff] using a retained asset account and by investing the retained assets for its own profit." *Id.* at *4

The facts in *Edmonson* are nearly identical to the facts in this case. Both cases involve suits by the beneficiaries of defined-benefit policies against the providers of those benefits. In both cases, the benefit policy at issue allowed for, but did not require, payment of benefits by retained-asset account. Following the plaintiffs' submission of valid claims, each defendant

established a retained-asset account in the beneficiary's name, and sent a checkbook from which the plaintiff could draw checks on the account. Each defendant also provided information to the plaintiff at the same time regarding the amount of interest that would be credited to the account.

### 1.  Selection of the Method of Payment

The plaintiff in *Edmonson* contended, among other things, that the defendant breached its fiduciary duty when it selected the retained-asset account as the method of paying her benefits. The Court in *Edmonson* decided, as this Court did, that the defendant was acting as a fiduciary when it chose to pay benefits through a retained-asset account. The Court agreed with the plaintiff that "the selection of [a retained-asset account] as the method of payment triggered ERISA fiduciary duties because it involved the 'management' and 'administration' of the plan." *Id.* at *33 (quoting 29 U.S.C. § 1002(21)(A). The Court further reasoned that the defendant "had the choice whether to pay [the plaintiff] with [a retained-asset account] or with some other form of payment. This is the definition of discretion." *Id.* at *35. Thus, the Court held that the decision "constituted a discretionary act of plan management or administration, and [defendant] was subject to ERISA's fiduciary duties when it performed this act." *Id*. at *36.

The Third Circuit went on to determine that the selection of the retained-asset account as the method of payment was not a breach of defendant's fiduciary duty. In conducting its analysis, the court cited to the many courts of appeal that have held that "ERISA does not mandate any specific mode of payment for . . . benefits." *Id.* at *39 (quoting *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1457 (10th Cir. 1991). It also cited to this Court's earlier determination that "[t]he retained-asset account method of payment is not in itself necessarily inconsistent with ERISA." *Id*. (citing *Vander Luitgaren v. Sun Life Assurance Co. Of Canada*,

2012 WL 5875526, at *11 (D. Mass. Nov. 19, 2012). Accordingly the court concluded that the defendant did not breach its fiduciary duties when it paid plaintiff with a retained-asset account.

The court went on to find that, even assuming there was a breach, the plaintiff was "not entitled to relief because the breach did not directly cause the injury for which she seeks relief . . . ." *Id.* at *41. The court reasoned that

> [p]ayment via the retained asset account, by itself, caused her no injury. The establishment of the account neither guaranteed or commanded that [defendant] take the later act of investing the assets for its own profit. And, importantly, [the plaintiff] could have prevented [the defendant] from investing the retained assets by withdrawing them from the [account].

*Id*. at *41-42. The court therefore concluded that the plaintiff was not entitled to disgorgement of the defendant's profits.

### 2.     **Investment of the Retained Assets**

The plaintiff in *Edmonson* also contended that the defendant breached its fiduciary duties when it invested the retained assets for its own benefit. The court rejected the plaintiff's argument, and held that the defendant was not acting as a fiduciary when it invested the retained assets.

The court reasoned that

> [n]othing in the plan or policy provides that [defendant] had any duty with respect to managing or administering the plan beyond its payment of benefits to [the plaintiff]. Nor has [the plaintiff] argued that anything in the plan or policy required [the defendant] to perform any act of plan management or administration once it paid her the benefits.

*Id*. at *43.

Instead, the plaintiff in that case attempted to rely on the First Circuit's holding in *Mogel* that the defendant was subject to fiduciary duties after it set up the retained-asset account. The

court rejected the plaintiff's argument, pointing to the fact that the terms of the policy in *Mogel* required a lump sum payment of benefits, whereas the policy in *Edmonson* allowed for payment in the form of a retained-asset account.

The court relied instead on the rationale set forth by the Second Circuit in *Faber v. Metropolitan Life Insurance Co.*, 648 F.3d 98 (2d Cir. 2011). In that case, the court held that

> [the defendant] discharged its fiduciary obligations as a claims administrator and ceased to be an ERISA fiduciary when, in accordance with the Plans, it created plaintiffs' [retained-asset accounts], credited them with the amount of benefits due, and issued checkbooks enabling Plaintiffs to withdraw their proceeds at any time. Thus, [the defendant] was not acting in a fiduciary capacity when it invested the funds backing plaintiffs' [retained-asset accounts]."

*Faber*, 648 F.3d at 104. Instead, the court determined that "[t]o the extent [the defendant] remained obligated to honor the account holder's 'checks' and pay interest at a guaranteed rate, we believe that this arrangement constituted a straightforward creditor-debtor relationship governed by the Customer Agreements and state law, not ERISA." *Id*.

Thus, the Third Circuit concluded that the defendant "completed its obligations with respect to managing or administering the plan once it established the [retained-asset account]. Accordingly, [the defendant] was not managing or administering the plan when it invested the retained assets." *Edmonson*, 2013 U.S. App. LEXIS 16300, at *48.

### D.      Reconsideration in Light of *Edmonson*

This Court finds the reasoning of the Third Circuit in *Edmonson* to be persuasive as to both issues. Accordingly, the Court will adopt that reasoning, as set forth in relevant part above, in its entirety.

The Court's earlier decision determined that defendant was acting as a fiduciary with respect to two actions: first, in its decision to pay benefits in the form of a retained-asset

account, and second, in its decision to offer a 2% interest rate to be credited to the retained-asset accounts.

As to the first action, the Court again holds that defendant was acting as a fiduciary. Nonetheless, for the reasons set forth in *Edmonson*, defendant's decision to pay benefits in the form of a retained-asset account did not violate its fiduciary duty.

As to the second action, the Court finds the Third Circuit's analysis of the decision to invest the funds for their own benefit to apply with equal force to defendant's decision to offer a 2% interest rate in this case.  Plaintiff has not pointed to any provision in the plan that sets forth any requirement beyond the payment of plaintiff's benefits in full.  Nor do the plan documents establish any additional management or administration duties.  Unlike in *Mogel*, plaintiff here has no claim that defendant failed to comply with the terms of the policy or to provide benefits in a form contemplated by the policy.  Thus, the Court will reconsider its earlier determination that defendant's decision with regard to the interest rate was governed by any fiduciary duty. Defendant "discharged its fiduciary obligations as a claims administrator and ceased to be an ERISA fiduciary when, in accordance with the plans," it created a retained-asset account in plaintiff's name and issued checkbooks under that account. *See Faber*, 648 F.3d at 104, *Edmonson*, 2013 U.S. App. LEXIS 16300 at 32..  Defendant remained obligated after that point to pay the promised interest rate, but that relationship constituted nothing more than "a straightforward creditor-debtor relationship governed by [the plan documents] and state law, not ERISA." *Faber*, 648 F.3d at 105.

Thus, the Court finds that defendant did not breach any outstanding fiduciary duty to plaintiff when it paid his benefits by means of a retained-asset account, and provided interest on

that account in an amount that allowed defendant to make more than a *de minimis* profit. Accordingly, defendant's supplementary motion for summary judgment, on reconsideration, will be granted.

## V.     Conclusion

For the foregoing reasons, and upon reconsideration, defendants' motion for summary judgment is GRANTED. Plaintiffs' motion to certify a class and to compel discovery are DENIED as moot.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated:  August 9, 2013